UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KITRA LAREA YEAGER,<br><br>              Plaintiff,<br><br>   -vs-<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,[1]<br><br>              Defendant. | NO.   CV-12-0119-WFN<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court are cross-Motions for Summary Judgment (ECF Nos. 16 and 18). Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney L. Jamala Edwards represents Defendant. The Court has reviewed the administrative record and briefs filed by the parties and is fully informed.

**JURISDICTION**

Plaintiff protectively applied for disability insurance and social security income [SSI] benefits on November 9, 2009, alleging disability beginning on October 18, 2008, due to back and nerve issues, drop foot, stomach problems, fibromyalgia, asthma, polycystic ovarian disease and depression. The application(s) were denied initially and on reconsideration.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

At a hearing before Administrative Law Judge [ALJ] R. J. Payne on April 21, 2011, Plaintiff, represented by counsel, and medical experts John R. Morse, M.D. and Ronald Klein, Ph.D testified. The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court. Plaintiff sought judicial review on February 22, 2012.

## FACTS

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 28 years old and had graduated from high school. (Tr. 71) She attended community college for about a year. (Tr. 72) She lives with her parents (Tr. 69) She walked with a cane and cannot walk for more than half of a block. (Tr. 74) She is morbidly obese and was in the process of pursing gastric bypass surgery. (Tr. 71)

She testified that she has persistent back pain that is alleviated by one to two pain pills a day. (Tr. 75) She periodically changes position including lying down a few times a day to relax her back. (Tr. 76) During the hearing, she asked for permission to stand to help keep her back more comfortable. (Tr. 81) In the past, she had worked at a call center, but testified that sitting and twisting and manipulating the phone would exacerbate her back pain. (Tr. 73)

In addition to back issues and obesity, she is on medication for several different health issues including a sleep aid (Tr. 76), migraines (Tr. 79), asthma (Tr. 79), stomach issues (Tr. 87) and depression (Tr. 86). According to the Plaintiff, the asthma, depression, and sleep issues are well controlled with medication. (Tr. 76, 79, and 86)

On an average day, Plaintiff spends most of the day at home. She is not involved with church or any clubs or social organizations. (Tr. 85) She helps with some housework, but is unable to do any chores that involve a lot of bending over such as laundry. (Tr. 82) Typically, she spends her day playing on the computer and reading, as well as going

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

to doctors' appointments. (Tr. 84 - 85) She depends on public assistance to cover her expenses. (Tr. 88)

## ADMINISTRATIVE DECISION

ALJ Payne found that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since the alleged onset of disability. (Tr. 26) At the second step, the ALJ found that Plaintiff had the following severe impairments: musculoskeletal impairment of the lumbar spine, asthma, and obesity. (Tr. 26) The ALJ also considered the following medical issues: eosinophilic gastroenteritis, diabetes mellitus, migraine headaches, fibromyalgia, a recent knee injury, and depression, but determined each was non-severe because none caused more than minimal limitation in her ability to perform basic work duties, either singly or in concert with the other medical issues. (Tr. 27 - 30) At the third step, the ALJ determined that Plaintiff's impairments did not meet or equal the requirements of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Based on the record, the ALJ found that Plaintiff has the residual functional capacity to perform a "wide range of sedentary work." (Tr. 31) At step four the ALJ determined that Plaintiff could perform her past relevant work as a customer service representative at a call center. (Tr. 36) Consequently, the ALJ concluded that Plaintiff is not disabled. (Tr. 36)

## STANDARD OF REVIEW

In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational

interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo,* although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ISSUES

Plaintiff argues that the ALJ improperly assessed Plaintiff's impairments at step two and Plaintiff's residual functional capacity. Plaintiff believes that the ALJ should have found fibromyalgia, gastrointestinal problems, migraines and depression to be severe impairments pursuant to 20 C.F.R. 404.1520 and 416.920. Based on these assignments of error, Plaintiff argues that the ALJ's opinion is not supported by substantial evidence.

## DISCUSSION

An impairment is severe if it, singly or in combination with other impairments, "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.' *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal citation omitted). "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ exhaustively reviewed each condition addressed by Plaintiff and made specific findings, supported by substantial evidence, regarding of the severity of fibromyalgia, gastrointestinal problems, migraines and depression. In each case, the ALJ noted that any limitations caused by the impairment, considered singly or in combination with other impairments imposed no more than minimal limitations on Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5

ability to perform basic work-related activities.  The ALJ noted that Plaintiff's fibromyalgia and depression were controlled well by medication. (Tr. 28 and 29) However, the ALJ still took into account the symptoms stemming from Plaintiff's mental health impairments when making the residual function capacity determination. The migraines were also managed by medication.  The medical records showed visits to the emergency room  about two times a year, but that the medication resulted in good pain relief.  (Tr. 28) Regarding the gastrointestinal issues, the ALJ found that Plaintiff's history of non-compliance with treatment undermined her assertion that the symptoms were as severe as she indicated.

In making a determination of residual functional capacity, the ALJ must consider all of the claimant's medically determinable impairments, including medically determinable impairments that are not severe. 20 C.F.R. § 404.1545(a)(2), 20 C.F.R. 416.945, 20 C.F.R. § 404.1523. The ALJ must consider claimant's ability to meet the physical, mental, sensory, and other requirements of work.  *Id*.  Plaintiff complained that the ALJ ignored the effects of pain, morbid obesity, and depression when making the residual functional capacity determination.  However, the ALJ carefully reviewed the record and properly found pain testimony that did not comport with the evidence, especially the self reports by Plaintiff to her doctors and Plaintiff's reports of her daily activities. The ALJ also pointed out that Plaintiff's "medication usage undermines her allegations of debilitating pain." (Tr. 33) The ALJ did address limitations that likely are exacerbated by morbid obesity, such as Plaintiff's back issues, but did not discuss with specificity Plaintiff's need to use a handicap stall.  Such an omission does not invalidate the residual functional capacity, as it is not clear how use of the handicap stall affects Plaintiff's ability to work.  Lastly, contrary to Plaintiff's assertion, the ALJ did address the effects of Plaintiff's mental health issues, but found that due to the fact that the depression was treated effectively with medication, it had no effect on Plaintiff's residual functional capacity.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Summary Judgment, filed December 17, 2012, **ECF No. 18**, is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment, filed November 5, 2012, **ECF No. 16**, is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED.**

**DATED** this 19th day of September, 2013.

                                                s/ Wm. Fremming Nielsen
                                                WM. FREMMING NIELSEN
09-17-13                                SENIOR UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7